UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:                                                            Chapter 11

RJLL CORP.
d/b/a CIAO BABY,                                          Case No. 10-79750

                                 Debtor.
-------------------------------------------------------X

## AFFIDAVIT OF JOSEPH DiGIROLOMO PURSUANT TO EDNY LBR 1007-4

STATE OF NEW YORK    )
                              )ss.:
COUNTY OF NASSAU     )

       JOSEPH DiGIROLOMO, being duly sworn, deposes and says:

       1.     I am President of RJLL Corp. d/b/a Ciao Baby, debtor and debtor-in-possession herein (the "Debtor"). Unless otherwise stated, I have personal knowledge of the facts set forth and circumstances described herein based upon my personal knowledge and a review of the Debtor's books and records.

       2.     This affidavit is submitted in support of the Debtor's voluntary petition (the "Chapter 11 Petition") for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") and in accordance with Eastern District of New York Local Bankruptcy Rule 1007-3, and in support of its First Day Motions submitted herewith.

### DESCRIPTION OF THE DEBTOR'S BUSINESS, CIRCUMSTANCES LEADING TO THE CHAPTER 11 FILING, AND REORGANIZATION OBJECTIVES

       3.     On December 17, 2010 (the "Petition Date"), the Debtor filed its Chapter 11 Petition with the United States Bankruptcy Court for the Eastern District of New York (the "Court"). The Debtor proposes to continue to operate its business and manage its property as a debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

503153

4. The Debtor operates a restaurant in Massapequa Park, New York 11762. It specializes in Italian cuisine served both in an individual and family style and has a seating capacity of approximately 150 people, including the bar area.

5. The Debtor leases its business premises pursuant to a written lease dated March 2002, between the Debtor and 217 State Massapequa LLC (the "Landlord"). As of the Petition Date, the Debtor is in arrears of its obligations to the Landlord. The monthly rent is approximately $14,062.58.

6. The Debtor commenced operations in 2000. During the period of 2002 through 2007, the Debtor's operations flourished. However, in or about 2008, the Debtor's operations leveled off. Further, Debtor's operations have been affected by the present economic downturn. Customers are more conscious of cost which is reflected in the decline in the average bill. The Debtor has fallen behind in its rent and tax obligations.

7. The precipitating factor of the bankruptcy case is the Debtor's ongoing issues with the Internal Revenue Service ("IRS"). Presently the Debtor is unable to come to a satisfactory arrangement for payment of its tax obligations and is concerned the IRS may seize the restaurant assets.

8. The Debtor has been advised that the IRS may attempt to seize some or all of the Debtor's assets at any time. As such, the Debtor filed this bankruptcy case so that it may have an opportunity to work out a repayment program.

### *Unsecured Creditors*

9. Annexed hereto as Exhibit "A" is a list of the names, addresses and contact names of the creditors holding the 20 largest unsecured claims, the amount of each listed claim and, if

appropriate, whether such claim is contingent, unliquidated, disputed, subject to setoff, or partially secured.

## *Secured Creditors*

10. The Debtor's secured claims, including the names, addresses and contact names of such secured creditors, the amount of each claim, a brief description and an estimate of the value of the collateral securing the claim, and whether the claim or lien is disputed, are as follows:

    a. <u>Rewards Network Establishment Services, Inc.</u> ("Rewards"), 2 N. Riverside Plaza, Suite 950, Chicago, IL 60606. The claim amount is approximately $21,136, with a lien on all or substantially all of the Debtor's assets. The Debtor believes the value of the collateral exceeds the debt. The claim and lien are undisputed.

    b. <u>Bank of Smithtown, 100 Motor Parkway</u> ("Smithtown Bank"), Suite 160, Hauppauge, NY 11788. The claim amount is approximately $71,204, with a blanket lien on all or substantially all of Debtor's assets. The Debtor believes that Bank of Smithtown is fully secured in that the value of the collateral substantially exceeds the outstanding debt. The claim and lien are undisputed.

    c. <u>Internal Revenue Service</u>. The combined claim amounts are approximately $302,500, and there is a blanket tax lien on substantially all assets. These claims are disputed.

    d. <u>Strategic Funding Source, Inc.</u> ("Strategic"), 1501 Broadway, Suite 360, New York, NY 10036. The claim amount is approximately $39,082. There is a blanket lien on all or substantially all of Debtor's assets. The claim is not in dispute.

*Stock*

11. The Debtor is a closely held corporation. Its shareholders are Joseph DiGirolomo, President (50%) and Leonard Oliva, Vice President (50%).

*Possession or Custody of The Debtor's Property*

12. None of the Debtor's property is in the possession or control of any custodian, pledge, mortgagee, public officer, assignee of rents, secured creditor, or agent for any such entity.

*Premises/Inventory*

13. The Debtor operates its business and substantially all of its business assets are located at 50-74 Sunrise Highway, Massapequa Park, New York 11762. The Debtor does not own any premises or own or hold any property outside of the United States.

*Books and Records*

14. The Debtor's books and records are located at 50-74 Sunrise Highway, Massapequa Park, New York 11762.

*Previous Bankruptcy Proceedings*

15. Prior to this case, the Debtor has never filed for bankruptcy protection in this or any other court.

*Proceedings Against the Debtor*

16. A schedule of pending lawsuits is annexed hereto as Exhibit "B".

*Debtor's Existing Senior Management*

17. The following individuals, neither of which is presently receiving a salary, comprise the existing senior management of the Debtor:

| Name | Position |
|---|---|
| Joseph DiGirolomo | President |
| Leonard Oliva | Vice President |

## *LBR 1007-2(b) Statements*

18. The Debtor intends to continue to operate its business.

19. The estimated amount of the payroll to employees (exclusive of officers) for the 30 day period following the filing of the Chapter 11 petition is $37,159.50. The amount proposed to be paid for services for such 30 day period to officers is $0.00.

20. A schedule for the 30 day period following the filing of the Chapter 11 Petition of estimated cash receipts and disbursements, net cash gain or loss, obligations and receivables expected to accrue but remain unpaid, other than professional fees, is annexed hereto as Exhibit "C".

## CONCLUSION

21. The Debtor believes the protections afforded by Chapter 11 will enable it to develop, implement and consummate a reorganization plan. Accordingly, the Debtor believes that Chapter 11 will preserve the value of its assets for the benefit of its creditors and other interested parties.

_____
Joseph DiGirolomo, President

Sworn to before me this
17 day of December, 2010.

_____
Notary Public

SANDRA L. McGRATH
NOTARY PUBLIC, State of New York
No. 01MC4922887
Qualified in Nassau County
Commission Expires 3/17/2014

503153

5